**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| MICHAEL VECHERY, *Plaintiff*, | ) | |
| v. | ) | Case No. 1:23-cv-439 (PTG/WBP) |
| FLORENCE COTTET-MOINE, *Defendant*. | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Florence Cottet-Moine's Amended Motion to Dismiss (Dkt. 31) ("Motion"). Defendant and Plaintiff Michael Vechery are both proceeding *pro se.* On March 7, 2024, this Court advised Plaintiff that he had twenty-one (21) days to file an opposition to the instant Motion and that Plaintiff's failure to oppose the Motion may result in dismissal of the action.[1] Dkt. 34; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). To date, Plaintiff has failed to oppose the instant Motion. The Court dispenses with oral argument as it would not aid in the decisional process. *See* Local Civil Rule 7(J) of the Eastern District of Virginia. For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

[1] In its March 7 Order, the Court also directed Defendant to clarify whether she was proceeding *pro se*, in light of evidence that she filed the instant Motion after receiving help from counsel. Dkt. 34. On April 23, 2024, after Defendant's failure to comply with the Court's March 7 Order, the Court ordered Defendant to show cause. Dkt. 35. On May 7, 2024, Defendant filed a certification stating that she was proceeding *pro se* and that she showed this Court's Orders to the attorney who assisted her. Dkt. 36. According to Defendant's certification, the attorney stated she could not represent Defendant because she was not admitted to practice in this Court. *Id.* The Court reminds Defendant that ghostwriting is prohibited. *See* Local Civil Rule 83.1(N) of the Eastern District of Virginia. Defendant may be represented by counsel admitted to practice in this Court and who has entered an appearance. *See* Local Civil Rule 83.1 of the Eastern District of Virginia.

## I. Background

On April 4, 2023, Plaintiff filed the instant Complaint alleging (1) malicious prosecution and (2) abuse of process against Defendant Florence Cottet-Moine and Raynelle Araque, stemming from assault and battery charges that Ms. Araque filed against Plaintiff. Dkt. 1 ¶¶ 32–38 ("Compl."). Defendant Cottet-Moine and Plaintiff "have been involved in a bitterly contested battle over the custody and visitation of their only child" and Ms. Araque is Defendant's friend. *Id.* ¶¶ 8, 13.

In his Complaint, Plaintiff alleges that on December 13, 2019, he attempted to speak to his minor daughter, L.C.M., as she was leaving a basketball game with Defendant and Ms. Araque. *Id.* ¶¶ 9–12. Ms. Araque began filming Plaintiff as he approached the group in his car. *Id.* ¶ 13. Plaintiff subsequently confronted Ms. Araque and attempted to take her phone away. *Id.* ¶¶ 14–16. Ms. Araque filed a complaint later that night with the Loudon County Sheriff's Department. *Id.* ¶ 17. An arrest warrant was subsequently issued, and the Circuit Court entered *nolle prosequi* for the assault and battery charges contained therein. *Id.* ¶¶ 19, 20.

On December 17, 2019, Defendant subsequently obtained a temporary protective order from the Loudon County Juvenile and Domestic Relations District Court. *Id.* ¶ 21. On December 23, 2019, after hearing the matter, the Circuit Court granted Defendant a protective order. *Id.* ¶ 22. On February 20, 2020, the Circuit Court entered a protective order and on March 4, 2020, the Circuit Court entered a final custody order. *Id.* ¶¶ 23, 27. The orders provided that Plaintiff shall have no contact with Defendant or L.C.M. until February 22, 2022, and awarded full legal and physical custody of L.C.M. to Defendant. *Id.* ¶¶ 23, 27, 28.

On August 28, 2023, this Court dismissed the Complaint against Ms. Araque. Dkt. 28. On March 5, 2024, Defendant filed the instant Amended Motion to Dismiss. Dkt. 31.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted). When reviewing a 12(b)(6) motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint" and draw "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). The Court construes *pro se* filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Analysis

Though Plaintiff has failed to oppose the instant Motion, this Court will consider the Motion on the merits and analyze Plaintiff's Complaint accordingly.[4]

### A. Malicious Prosecution (Count One)

Plaintiff's first count alleges malicious prosecution. Under Virginia law, a plaintiff pleading a malicious prosecution claim must plausibly allege facts sufficient to show "that the prosecution was (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Lewis*

---

[4] Plaintiff's failure to oppose the Motion may amount to concession. *Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013) (finding that where a party does not respond to an argument, the argument is "effectively conced[ed]")

*v. Kei*, 708 S.E.2d 884, 889 (Va. 2011) (citations omitted). Moreover, such claims "are not favored in Virginia and the requirements for maintaining such actions are more stringent than those applied to other tort cases." *O'Connor v. Tice*, 704 S.E.2d 572, 575 (Va. 2011).

Defendant argues that the malicious prosecution claim should be dismissed because the underlying assault and battery charges were based on probable cause. Dkt. 32 at 3–6. In his Complaint, Plaintiff claims that Defendant encouraged and/or induced Ms. Araque to file charges for assault and battery without probable cause.[5] Compl. ¶ 33.

Malice and probable cause may be considered together, as malice may be inferred from a lack of probable cause. *Reilly v. Shepherd*, 643 S.E.2d 216, 219 (Va. 2007). Probable cause within the context of a malicious prosecution claim "is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *O'Connor*, 704 S.E.2d at 576.

Assault requires "an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003) (citation omitted). Battery, in turn, requires "an unwanted touching which is neither consented to, excused, nor justified." *Id.* (citation omitted). Though separate, these claims often go together. *Id.*

In the Complaint, Plaintiff alleges that he "did not touch" Ms. Araque and therefore Ms. Araque lacked probable cause to file assault and battery charges against Plaintiff. Compl. ¶¶ 17,

[5] Plaintiff also alleges that Defendant separately filed a charge for assault, which was dropped. Compl. ¶ 20. However, that alleged fact is separate and independent from the charges filed by Ms. Araque on which Plaintiff exclusively bases his malicious prosecution claim in Count One. *See id.* ¶¶ 32–35. Therefore, that alleged fact is irrelevant to this Court's analysis as to the sufficiency of Plaintiff's claim in Count One.

33. Even viewing the facts in a light most favorable to Plaintiff, this Court finds that Plaintiff's own allegations establish probable cause for the assault and battery charges. Specifically, Plaintiff alleges that he had initiated the encounter between his daughter, Defendant, and Ms. Araque when he "pulled his car up closely" to Defendant's car. Compl. ¶ 10. After Ms. Araque allegedly began videotaping the incident, Plaintiff alleges that he proceeded to "approach[]" Ms. Araque and "tried to reach for Araque's phone." Compl. ¶¶ 14, 16. He also alleges that Ms. Araque "pull[ed] the phone away from [Plaintiff's] grasp." *Id.* The Complaint makes clear that there was a physical confrontation between Plaintiff and Ms. Araque, which was precipitated by Plaintiff reaching for her phone. *Id.* Ms. Araque filed a criminal complaint that same evening. *Id.* ¶ 17.

In short, Plaintiff's own allegations demonstrate that probable cause existed for the charges. Thus, the Court finds that Plaintiff fails to allege any facts from which it could draw the reasonable inference that Defendant is liable for malicious prosecution. *Reilly*, 643 S.E.2d at 219 (observing that malice may be inferred from a lack of probable cause). This count will be dismissed.

**B. Abuse of Process (Count Two)**

Next, this Court finds that Plaintiff fails to state a claim for abuse of process under Count Two. In Virginia, "[a]buse of process is 'the wrongful *use* of process *after* it has been issued.'" *BNX Sys. Corp. v. Nardolilli*, 368 F. App'x 339, 342 (4th Cir. 2010) (quoting *Triangle Auto Auction, Inc. v. Cash*, 380 S.E.2d 649, 650 (Va. 1989)). To state an abuse of process claim, Plaintiff must plausibly allege facts sufficient to show "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Id.* (quoting *Donohoe Constr. Co. v. Mt. Vernon Assoc.*, 369 S.E.2d 857, 862 (Va. 1988)). However, even if there is an ulterior motive, "a legitimate use of process to its authorized

conclusion, even when carried out with bad intention, does not constitute abuse of process." *Id.* (quotation marks and citations omitted). Thus, an example of abuse of process "would be suing a person, obtaining a judgment against him, and then, after he is aware that the debt has been paid, taking out execution on the judgment." *Id.*

In Count Two, Plaintiff explicitly refers to two incidents in support of his claim: the first is a charge of assault and battery and the second is the issuance of a protective order. Compl. ¶ 37. Plaintiff alleges that Ms. Araque filed the complaint for assault and battery, as already discussed above. *Id.* ¶ 17. As to Defendant, Plaintiff alleges that Defendant "cooperated, encouraged, and induced" Ms. Araque to file the criminal complaint. *Id.* ¶ 18. As to seeking a protective order, Plaintiff alleges that Defendant applied for and obtained a temporary protective order in the Loudon County Juvenile and Domestic Relations District Court based on the complaint filed by Ms. Araque and later secured a protective order in Loudon County Circuit Court. Compl. ¶¶ 21, 22.

As stated above, however, a legitimate use of process to its authorized conclusion does not constitute abuse of process. *BNX Sys. Corp.*, 368 F. App'x at 342. In this case, Plaintiff does not allege "the wrongful *use* of process *after* it has been issued." *Id.* Plaintiff fails to allege that Defendant "committed any improper act to unfairly use those claims once they were filed." *Id.* As a result, Plaintiff's abuse-of-process claim under Count Two fails as a matter of law. Thus, the Court shall grant the Amended Motion to Dismiss for Plaintiff's failure to state a claim. Accordingly, it is hereby

**ORDERED** that Defendant's Amended Motion to Dismiss (Dkt. 31) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. 1) is **DISMISSED**.

The Clerk is **DIRECTED** to close this action and to mail a copy of this Order to both Plaintiff and Defendant, who are proceeding *pro se*.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this 10th day of September, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge